NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 31 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ICT LAW AND TECHNOLOGY GROUP
PLLC, FKA John Doe,

　　　　　　　　Plaintiff-Appellant,

　v.

SEATREE PLLC, organized under the laws
of the State of Washington as a professional
limited liability company (PLLC); et al.,

　　　　　　　　Defendants-Appellees.

No. 18-35945

D.C. No. 2:17-cv-01681-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted May 21, 2019[**]

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

　　ICT Law & Technology Group PLLC, FKA John Doe ("ICT") appeals from

the district court's judgment dismissing its action alleging 42 U.S.C. § 1983 and

Racketeer Influenced and Corrupt Organizations Act ("RICO") claims. We have

---

　　[*]　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed ICT's action because ICT failed to allege facts sufficient to state a plausible claim. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 547-48, 553-54 (9th Cir. 2007) (en banc) (elements of RICO claim; RICO fraud allegations are subject to heightened pleading standard under Federal Rule of Civil Procedure 9(b)); *George v. Pac.–CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (plaintiff alleging infringement of constitutional rights by private parties must show that the infringement constitutes state action); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and conclusory allegations are not entitled to be assumed true) (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying ICT's motions for reconsideration because ICT failed to set forth any basis for relief from the judgment. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 59(e) or 60(b)).

We reject as without merit ICT's contention that the district court erred in its

disposition of ICT's motion for declaratory relief and motions for partial summary judgment, or in its denial of a telephonic conference.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or documents and facts not presented to the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**